## PEOPLE ex rel. LEVERSON and Others v. THOMPSON.

### No. 9846; May 28, 1885.

7 Pac. 142.

Legislature—Manner of Reading Bills.—Under the Provision of the California constitution, article 4, section 15, which requires that every bill shall be read on three several days in each house, it is not required that the bill shall be read on three several days after an amendment thereto.[1]

---

[1] Cited in Smith v. Mitchell (W. Va.), 72 S. E. 756, as authority for saying: "When a bill is amended, it does not call for re-reading."

31

Application for mandamus to compel defendant, the Secretary of State, to count and estimate the votes cast for representatives to Congress at the last regular election.

M. R. Leverson, G. W. Chamberlain and E. C. Marshall, attorney general, for petitioners.

ROSS, J.—The real ground of the petitioner's objection to the act of the legislature of March 13, 1883, entitled "An act to divide the state of California into congressional districts," is that the bill was not read on three several days in each house after amendment. The constitution in terms requires that every bill shall be read on three several days in each house, unless in case of urgency such reading be dispensed with as provided for: Const., sec. 15, art. 4. And it has already been held here that when the constitution says the bill shall be read, it means that it shall be read at length (Weill v. Kenfield, 54 Cal. 111); that is to say, it shall be read at length in its then condition. The constitution makes express recognition of the fact that a bill may be amended in either house, but does not provide for a reading thereof in each house on three several days after amendment. "Any bill may originate in either house, but may be amended or rejected by the other": Sec. 16, art. 4, supra. If petitioners' claim be well founded, a bill which originated in the assembly, for example, and was there properly read on three several days and regularly passed and sent to the senate, should in the latter body be amended and properly passed, it would have to be again read in the assembly on three several days. We find no warrant in the constitution for such a claim. If the framers of that instrument had intended to require a reading in each house on three several days of every bill after amendment, it would have been an easy matter to have said so, and as the provision with respect to the passage of bills is extremely explicit, it is fair to presume that there was no such intention on the part of the constitutional convention. We have thought it best to dispose of the petitioners' application for the writ upon the merits, rather than upon technical objections that might otherwise be in the way of granting it.

Writ denied and petition dismissed.

We concur: McKinstry, J.; McKee, J.